IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RAYNE YARDLEY,<br><br>       Plaintiff,<br><br>v.<br><br>RAYMOND TAPIA and SCHOLASTIC INC.,<br><br>       Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO FILE THIRD-PARTY COMPLAINT<br><br><br><br>Case No. 4:25-cv-00006-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Defendants' Motion for Leave to File Third-Party Complaint.[1] Defendants seek leave to file a Third-Party Complaint impleading Coy Brindley, the driver of the vehicle in the collision that is the subject of this case. Defendants' Motion only argues for the inclusion of Brindley, but their proposed Third-Party Complaint attached to the Motion[2] is much broader, asserting claims against Brindley's father and Plaintiff's parents for negligent entrustment and negligent supervision. For the reasons discussed below, the Motion is denied. The Court will not permit Defendants to file their proposed Third-Party Complaint in its current form.

## I.  BACKGROUND

This action arises out of an automobile collision that occurred on January 24, 2022, in Cedar City. Plaintiff, 16 years old at the time, was a passenger in a Chevy pickup truck being driven by Brindley, Plaintiff's cousin. Raymond Tapia was driving a box truck owned by

---

[1] Docket No. 29, filed March 5, 2026.

[2] Docket No. 29-5.

1

Scholastic. Tapia allegedly made a left-hand turn in front of Brindley's truck and, despite Brindley's efforts to apply the brakes, the truck collided with the side of the box van. The force of the collision rendered the truck inoperable and left Plaintiff unconscious. Plaintiff incurred injuries, including a traumatic brain injury, cognitive changes, emotional changes, dizziness, headaches, memory impairment, and behavioral changes.

Plaintiff brought suit against Tapia and Scholastic on January 23, 2025. Under the current scheduling order, the deadline to file a motion to join additional parties expires on May 1, 2026.[3] Fact discovery closes on May 18, 2026, expert discovery closes on October 9, 2026, and the dispositive motion deadline is November 23, 2026.

Defendants now seek to allocate fault against Brindley. In their proposed Third-Party Complaint, Defendants allege that Brindley had multiple traffic violations prior to the collision, which his family knew. Defendants allege that, at the time of the accident, Brindley was traveling at speeds that prevented him from avoiding the collision. Based upon his driving, Defendants contend that Brindley caused or contributed to the accident. Defendants also seek to assert a claim against Brindley's father, the owner of the vehicle, for negligent entrustment and negligent supervision. They further seek to assert claims against Plaintiff's parents, suggesting they should have known that Brindley was a reckless driver and were, therefore, negligent in permitting Plaintiff to ride with him.

---

[3] Docket No. 27.

## II. DISCUSSION

Federal Rule of Civil Procedure 14(a)(1) provides:

A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

As Defendants' Answer was filed over a year ago, they must obtain leave to file their proposed Third-Party Complaint.

Rule 14 "should be liberally construed to effectuate its intended purposes."[4] "The purpose of Rule 14 is to 'accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits.'"[5] Courts consider the following factors to guide their discretion in evaluating a motion for leave to file a third-party complaint:

(1) the benefits of a single action versus prejudice to the other party and confusion, (2) the timeliness of the request and prejudice to the plaintiff in delay, (3) whether the main case would unnecessarily expand in scope, (4) whether impleading new parties would unduly delay or complicate the trial, and (5) whether the third-party plaintiff's motion states sufficient grounds for the court to evaluate the propriety of third-party complaints.[6]

Ultimately, the "granting of leave for a defendant to prosecute a third party proceeding under Rule 14 rests in the sound discretion of the trial court."[7]

---

[4] *United States v. Acord*, 209 F.2d 709, 712 (10th Cir. 1954).

[5] *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1498 (10th Cir. 1983) (quoting *Goodrich v. Burlington N. R.R. Co.*, 701 F.2d 129, 130 (10th Cir. 1983)).

[6] *Sun Prods. Corp. v. Lock & Load Indus. LLC*, No. 2:11-CV-316-CW-PMW, 2012 WL 293397, at *3 (D. Utah Jan. 31, 2012) (quoting *Admin. Comm. of the Wal-Mart Assocs. Health & Welfare Plan v. Willard*, 216 F.R.D. 511, 514 (D. Kan. 2003)).

[7] *First Nat'l Bank of Nocona v. Duncan Sav. & Loan Ass'n*, 957 F.2d 775, 777 (10th Cir. 1992) (finding no abuse of discretion where "district judge denied the motion to bring in the third

Considering these factors, impleader is improper here. Undoubtedly, there would be benefit in having a single action. However, the bulk of the remaining factors weigh against allowing a third-party complaint. Defendants' request, at least as it relates to the inclusion of Brindley, is untimely. Defendants have long been aware that Brindley was the driver and that he received a citation for speeding after the collision. Plaintiff provided this information—contained in a police report—to Defendants with their initial disclosures on April 22, 2025.[8] Defendants contend that it was not until Brindley's deposition in December 2025 that this information was confirmed. However, Defendants point to nothing suggesting that they needed confirmation of the information contained in the police report. In fact, Defendants specifically cite to and rely on the police report in bringing their Motion.[9] The fact that Brindley confirmed in his deposition that he got a ticket for speeding provided no new information that Defendants did not already possess.

A closer question is presented when it comes to Defendants' claims against Brindley's father and Plaintiff's parents. Defendants contend that this information, specifically the ownership of the vehicle and the alleged role these putative third-party defendants played in the accident, only came to light during Brindley's deposition.[10] But, because Defendants' initial Motion was limited to discussing the addition of Brindley, Plaintiff has not had the chance to

---

party defendant, finding that the defendant Duncan had not been timely in its request and that plaintiff Nocona should not be prejudiced by that delay").

[8] Docket No. 30, at 3; Docket No. 30-1, at 9.

[9] Docket No. 29, at 3; Docket No. 29-3, at 2.

[10] Docket No. 31, at 4.

4

respond to Defendants' arguments raised for the first time in reply. As such, the Court declines to consider them.[11]

Next, allowing the Third-Party Complaint would unnecessarily expand the scope of this case. As of now, this case is a relatively straightforward personal injury action. While the addition of Brindley may not unduly expand the scope of the case, the addition of Brindley's father and Plaintiff's parents would greatly expand the scope. Instead of merely assessing liability and damages, the trier of fact would have to determine ancillary issues like whether Brindley's father was negligent in allowing him to use his vehicle and whether Plaintiff's parents were negligent in allowing him to ride in a vehicle with Brindley. That would raise a number of factual questions, including the nature of Plaintiff's relationship with Brindley, Brindley's driving record, knowledge of Brindley's driving record by the proposed third-party defendants, and the decision-making involved in allowing Brindley to use his father's vehicle and Plaintiff's parents allowing him to ride with him. These go well beyond the current scope of this case and could lead to further third-party practice. It is highly probable that, should Plaintiff's parents be added as third-party defendants, they may want to assert claims against Brindley and his father. While "Rule 14(a) should be liberally construed to accomplish its purpose," "it is not a catchall for independent litigation."[12]

For similar reasons, allowing the Third-Party Complaint would delay and complicate any trial. While no trial date is currently set, it does not appear possible that the proposed third-party defendants would be able to complete discovery within the current timelines. Although

---

[11] *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) (The Court "does not ordinarily review issues raised for the first time in a reply brief").

[12] *U.S. Fid. & Guar. Co. v. Perkins*, 388 F.2d 771, 773 (10th Cir. 1968).

Defendants suggest that all of the putative third-party defendants will soon be deposed, fairness dictates that they have a full opportunity to conduct their own discovery, not merely be deposed. After all, "there is a meaningful difference between participating in litigation as a party defendant and simply being deposed as a historical fact witness."[13] Allowing such discovery will necessarily delay deadlines, including any future trial. And, as discussed, the proposed Third-Party Complaint raises a number of new factual and legal issues unrelated to the current scope of the case, necessarily complicating this case.

Finally, Plaintiff has demonstrated prejudice if the Third-Party Complaint is permitted. The addition of four new third-party defendants and associated claims will certainly delay resolution and increase expenses. It will also expand this action and complicate further proceedings. All of these considerations demonstrate prejudice. Defendants' arguments to the contrary, relying on Utah Rules of Civil Procedure and state case law interpreting those rules, instead of the controlling Federal Rules of Civil Procedure and applicable federal case law, are unpersuasive.

## III. CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Leave to File Third-Party Complaint (Docket No. 29) is DENIED.

---

[13] *Fogle v. Sokol*, No. 2:17cv194, 2019 WL 13551677, at *1 (W.D. Pa. June 21, 2019).

DATED this 13th day of April, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge