IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RAYNE YARDLEY,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND TAPIA, an individual, and SCHOLASTIC INC., a foreign corporation,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' NOTICE OF FAULT ALLOCATION<br><br>Case Number 4:25-cv-00006-DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Motion to Strike Defendants' Notice of Fault Allocation.[1] For the reasons discussed below, the Court will grant the Motion.

## I. BACKGROUND

On January 24, 2022, Plaintiff was a passenger in a truck being driven by his cousin, Coy Brindley, when it collided with a box truck owned by Defendant Scholastic Inc. and driven by Defendant Raymond Tapia. After the accident, Brindley was issued a citation for speeding.[2] The officer who issued the citation noted in his report that he could tell Brindley was speeding based on the length of the skid marks left at the scene.[3]

Plaintiff filed this action on January 23, 2025. Plaintiff produced the police report with his initial disclosures on April 22, 2025.[4] Defendants initially asserted the potential for allocation of fault in their Answer. However, Defendants waited until March 2026 before they sought to file a

[1] Docket No. 44, filed August 13, 2026.

[2] Docket No. 44-2.

[3] *Id.* at 2.

[4] Docket No. 44-4, at 5.

third-party complaint against Brindley and others.[5] The Court denied that request as untimely.[6] Over three months after that denial, Defendants filed their Notice of Fault Allocation that is the subject of this Motion.[7] In their Notice, Defendants allege that Brindley was negligent because he was driving "at an excessive and unlawful rate of speed."[8]

## II. DISCUSSION

Under Utah law, "[t]he fact finder may, and when requested by a party shall, allocate the percentage or proportion of fault attributable . . . to any other person identified under Subsection 78B-5-821(4) for whom there is a factual and legal basis to allocate fault."[9]

Section 78B-5-821(4) provides:

> Fault may not be allocated to a non-party unless a party timely files a description of the factual and legal basis on which fault can be allocated and information identifying the non-party, to the extent known or reasonably available to the party, including name, address, telephone number and employer. The party shall file the description and identifying information in accordance with Rule 9, Utah Rules of Civil Procedure or as ordered by the court but in no event later than 90 days before trial as provided in Rule 9, Utah Rules of Civil Procedure.[10]

As relevant here, Utah Rule of Civil Procedure 9(*l*)(2) states that the information required to be included in the description "must be included in the party's responsive pleading if then known or must be included in a supplemental notice filed within a reasonable time after the party discovers the factual and legal basis on which fault can be allocated."[11]

---

[5] Docket No. 29.

[6] Docket No. 33.

[7] Docket No. 41.

[8] *Id.* at 1.

[9] Utah Code Ann. § 78B-5-818(4).

[10] *Id.* § 78B-5-821(4).

[11] While ordinarily the Court would apply federal procedural law, the Court has previously held that "this is the unusual situation where a state procedural rule must be

Plaintiff contends that Defendants' Notice of Fault Allocation is untimely and should be stricken. Defendants argue that they timely filed their Notice after the deposition of Officer Justin Ludlow, the officer who issued Brindley the citation. Defendants assert that they did not fully understand the factual basis to allocate fault to Brindley until this deposition was conducted. The Court disagrees.

Defendants have long been aware that Brindley was the driver, that he received a citation for speeding, and the officer based his determination that Brindley was speeding based on the length of the skid marks at the scene of the collision. While Officer Ludlow provided additional details at his deposition, these basic facts—which form the basis for Defendants' request to allocate fault—were known to them long ago. This is evidenced by the fact that Defendants sought to add Brindley as a party before they conducted Officer Ludlow's deposition.[12] In that motion, Defendants pointed to the citation to argue that Brindley's alleged negligence required his addition. Nothing new was discovered in Officer Ludlow's deposition. While Defendants contend that Officer Ludlow testified "that a witness had observed Coy Brindley weaving in and out of traffic,"[13] the deposition transcript does not support their assertion. What Officer Ludlow actually testified to was that he remembered "someone saying that they saw Mr. Brindley going up and down the road real fast,"[14] i.e. speeding.

---

considered part of the substantive law of the state to be applied in a diversity case" *Mason v. Brigham Young Univ.*, No. 2:06-CV-826 TS, 2008 WL 312920, at *2 (D. Utah Feb. 1, 2008).

[12] *See* Docket No. 29.

[13] Docket No. 45, at 5.

[14] Docket No. 45-2, at 22:19–20; *see also id*. at 22:25–23:2, 23:14–16.

Defendants contend they have "an absolute statutory right to have the fact-finder determine each party's true proportion of fault."[15] Not so. The Liability Reform Act ("LRA") requires compliance with the Utah Rules of Civil Procedure. Rule 9(*l*)(2) requires parties to include the information required by their notice either in their responsive pleading or "within a *reasonable time* after the party discovers the factual and legal basis on which fault can be allocated."[16] Failure to comply results in waiver.[17] Defendants contend that their Answer put Plaintiff on notice that allocation of fault may be at issue. However, providing notice is not the same as complying with the LRA and Rule 9.

Defendants also suggest that the Court lacks the authority to strike their Notice.[18] Again, not so. A federal trial court has inherent authority to manage its docket.[19] This inherent authority includes the ability to strike untimely filings.[20] Defendants did not file their Notice within a reasonable period after they knew of Brindley's alleged negligence. Striking the Notice is the appropriate remedy for Defendants' failure to comply with the LRA and Rule 9.

III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Strike Defendants' Notice of Fault Allocation (Docket No. 44) is GRANTED.

---

[15] Docket No. 45, at 10.

[16] Utah R. Civ. P. 9(*l*)(2) (emphasis added).

[17] *Biesele v. Mattena*, 2019 UT 30, ¶ 21, 449 F.3d 1.

[18] Docket No. 45, at 8.

[19] *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).

[20] *Utah Republican Party v. Herbert*, No. 2:14-cv-00876-DN-DBP, 2015 WL 6394534 at *3 (D. Utah Oct. 22, 2015).

DATED September 15, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge